UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ROSS S. MCCAA**                      **DOCKET NO. 6:19-cv-0574**
    **D.O.C. # 156073**                            **SECTION P**

**VERSUS**                                       **JUDGE DOUGHTY**

**DARREL VANNOY**                 **MAGISTRATE JUDGE HANNA**

## AMENDED REPORT AND RECOMMENDATION

Before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Ross Harley McCaa. McCaa is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time barred.

    **I.**     **Background**

McCaa's petition, exhibits, and the presumptively reliable published jurisprudence of the State of Louisiana show that he was convicted on one charge of second-degree murder on May 9, 1991. He was sentenced to a term of life imprisonment on June 28, 1991. His conviction was affirmed by the Third Circuit

Court of Appeals and the Louisiana Supreme Court denied his application for writ of certiorari. *State v. McCaa*, 91-1273 (La. App. 3 Cir. 6/24/92)(unpublished), *writ denied*, 93-1549 (La. 12/15/95); 664 So.2d 448.

McCaa filed numerous pro se applications for post-conviction relief in the trial court.[1]  Of relevance to the matter presently before this Court is the application for post-conviction relief filed on May 5, 2012 in the trial court, based upon newly discovered evidence, an anonymous letter received by plaintiff, dated November 5, 2011, stating that the prosecution offered McCaa a plea bargain. McCaa argued that his attorney failed to inform him of this offer, which he would have accepted had he known.  [Rec. Doc. 5-1, pp. 48-50; 52-58]  The trial court denied McCaa's application, without first conducting an evidentiary hearing and McCaa appealed. On October 25, 2012, the Third Circuit Court of Appeal vacated the trial court's order and remanded the matter for an evidentiary hearing and judicial determination of whether the letter constitutes new and competent evidence. [Rec. Doc. 5-1, pp. 67-68]

According to petitioner, after numerous delays, the trial court conducted an evidentiary hearing on January 5, 2017, ultimately denying relief. [Rec. Doc. 1-2, p. 1]  The trial court found that the plea offer letter was not new and did not

---

[1] Petitioner has also previously filed a petition for habeas corpus in this Court.  See *McCaa v. Warden Louisiana State Penitentiary,* Docket Number 6:01-1224 (W.D. La. 11/1/2001). However, the instant petition raises "new evidence" that was not discovered at the time of the filing of the first petition.

communicate new evidence.  *See* Rec. Doc. 1-2, p. 3.  His application for supervisory writs was denied by Third Circuit Court of Appeals on or about June 30, 2017.  *State v. McCaa*, 17-0381 (La. App. 3 Cir. 6/30/17) (unpublished).  On November 5, 2018, the Louisiana Supreme Court denied his application for writ of certiorari as untimely.  *State ex rel. McCaa v. McCaa*, 17-KH-1335 (La. 11/5/18); 255 So.3d 1043.

On May 3, 2019, McCaa filed the petition presently before this Court, raising the sole issue of ineffective assistance of trial counsel for failing to inform him of the plea deal allegedly offered by the prosecution in his criminal trial.  [Rec. Doc. 1]

## II.  Law & Application

### A. *Rule 4 Review*

Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Limitations*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id*. The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id*. at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

On June 24, 1993, the Third Circuit affirmed McCaa's sentence and conviction and the Louisiana Supreme Court denied his writ application on December 15, 1995.  While he represents that he sought review in the United States Supreme Court, a review of the presumptively reliable published jurisprudence reveals no published Supreme Court judgment on direct appeal.  Accordingly, the Court finds that petitioner's judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days after the Louisiana Supreme Court denied writs on direct review, or on March 14, 1996, when the time limits for seeking further direct review by filing

a petition for certiorari in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari.") Thus, petitioner had one year, or until March 14, 1997, to file his habeas corpus petition.

However, section 2244(d)(2) tolls the limitation provision for filing a section 2254 petition during the pendency of certain state court proceedings:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

At issue is when McCaa ceased to have a properly filed application for State post-conviction review pending. While he was unable to submit a comprehensive catalog of his post-conviction filings in the state court, a review of published Louisiana jurisprudence reveals that McCaa filed multiple applications for post-conviction relief in the trial court following his conviction and sentence becoming final that likely tolled the one-year period for seeking federal habeas relief for some time. On August 31, 2001, the Louisiana Supreme Court denied an application without reasons. *State ex. rel. McCaa v. State*, 01-88 (La. 8/31/01); 795 So.2d 1210. Viewed in the light most favorable to petitioner, his one-year period for seeking

federal habeas relief could have been tolled until this 2001 Louisiana Supreme Court ruling.

On January 28, 2005, the Supreme Court denied a subsequent application for writs, this time relying on La. C.Cr. P. art. 930.8, indicating that the application was untimely. *State ex. rel. McCaa v. State*, 03-KH-3378 (La. 1/28/05); 893 So.2d 63. The Louisiana Supreme Court denied petitioner's application for writs on the issue relevant to the petition at hand on November 5, 2018, holding that the application was not timely filed in the district court, again citing La. C.Cr.P. 930.8. *State ex rel. McCaa v. McCaa*, 17-KH-1335 (La. 11/5/18); 255 So.3d 1043.

A state habeas petition dismissed on procedural grounds is not "properly filed" within the purview of § 2244(d)(1)(D) and does not toll the limitations period. 28 U.S.C. § 2244(d)(1)(D); *Artuz v. Bennett,* 531 U. S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *Wickware v. Thaler*, 404 Fed. Appx. 856, 858-59 (5th Cir. 2010) ("[N]either an improperly filed state habeas petition nor a state habeas petition filed outside the limitations period has any effect on the one-year time-bar."). Because McCaa's habeas application denied in 2005 did not comply with state procedural filing requirements, his time for filing his federal habeas petition was not tolled. Further, the Fifth Circuit has held that a state habeas application filed after the limitations period expires does not toll the time for filing

a federal habeas application. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001) ("state habeas application did not toll the limitations period under § 2244(d)(2) because it was not filed until after the period of limitation had expired").

McCaa's state habeas application filed in 2012 did not toll the time for filing because it was filed after the limitations period expired. Thus, McCaa's federal application is untimely as the limitations period expired prior to the filing of the 2012 application for post-conviction relief. Therefore, the record does not show McCaa is entitled to statutory tolling.

The Fifth Circuit has held that § 2244(d)'s limitations period can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). However, equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016) (quotations omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quotations omitted).

McCaa does not allege any facts that support a finding of equitable tolling. He has not alleged that he was actively misled, nor has he asserted that he was prevented in some extraordinary way from asserting his rights. The trial court found that his application was untimely because the letter at issue was not new evidence and did not communicate new evidence. Accordingly, McCaa's claims cannot provide the rare and exceptional circumstances for tolling the limitations period applicable to such petitions and his petition must be dismissed as untimely.

### III. Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITH PREJUDICE** as time barred.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation**

**within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 10th day of December, 2019.

**Patrick J. Hanna
United States Magistrate Judge**